NOTICE

*The text of this opinion can be corrected before the opinion is published in the* Pacific Reporter. *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

| | |
|---|---|
| LLOYD JAMES LUKE,<br><br>                              Appellant,<br><br>              v.<br><br>STATE OF ALASKA,<br><br>                              Appellee. | Court of Appeals No. A-13042<br>Trial Court No. 4FA-16-02072 CR<br><br>**O P I N I O N**<br><br>No. 2671 — July 24, 2020 |

Appeal from the Superior Court, Fourth Judicial District, Fairbanks, Douglas L. Blankenship, Judge.

Appearances: Carolyn Perkins, Law Office of Carolyn Perkins, Salt Lake City, Utah, under contract with the Office of Public Advocacy, Anchorage, for the Appellant. Andrew P. Baldock, Assistant District Attorney, Fairbanks (opening brief), Patricia L. Haines, Assistant Attorney General, Office of Criminal Appeals, Anchorage (supplemental brief), and Kevin G. Clarkson, Attorney General, Juneau, for the Appellee.

Before: Allard, Chief Judge, and Wollenberg and Harbison, Judges.

Judge ALLARD.

Lloyd James Luke was convicted of third-degree assault and first-degree witness tampering.[1] On appeal, Luke argues that there was insufficient evidence to support his conviction for witness tampering.

When we review a claim of insufficiency, we are required to view the evidence — and all reasonable inferences to be drawn from that evidence — in the light most favorable to upholding the verdict.[2] Viewing the evidence in this light, we then determine whether a fair-minded juror could reasonably find proof beyond a reasonable doubt on all the essential elements of the offense.[3]

In the current case, the prosecution's theory was that Luke was guilty of witness tampering because he had attempted to induce a witness — the victim of the assault — to "unlawfully withhold testimony in an official proceeding."[4] In support of this theory, the prosecution introduced a letter that Luke sent to his girlfriend while he was in jail. In the letter, Luke wrote:

> [I]t would help my case a whole lot if you could tell your ex-boyfriend [the victim of the assault] to ignore the D.A.'s and the court's calls . . . . I don't want to get maxed out for this, ya know? If he does though everybody already knows what will happen at the end of the day.

---

[1] AS 11.41.220(a)(5) and AS 11.56.540(a)(1), respectively. We note that Luke's judgment mistakenly states that Luke was convicted of witness tampering under AS 11.56.540(a)(2) ("knowingly induces or attempts to induce a witness to . . . be absent from a judicial proceeding to which the witness has been summoned"). But that is not the theory that was argued to the jury or the theory on which the jury was instructed.

[2] *See Eide v. State*, 168 P.3d 499, 500 (Alaska App. 2007).

[3] *Id.* at 500-01.

[4] *See* AS 11.56.540(a)(1).

The prosecutor argued that it was reasonable to infer from this letter that Luke was attempting to induce the victim to avoid testifying by ignoring calls from the district attorney and the courts.[5]

The question for this Court is whether attempting to tell a witness to ignore calls from the district attorney and the courts constitutes "attempt[ing] to induce a witness to . . . unlawfully withhold testimony in an official proceeding." We conclude that it does not.

As we have previously discussed in *Rantala v. State*, "[t]he witness tampering statute does not forbid attempts to induce a witness to 'withhold testimony'. Rather, the statute forbids attempts to induce a witness to '*unlawfully* withhold testimony'."[6] In *Rantala*, the defendant was convicted based on several conversations he had with a witness, wherein he stated that the witness did not have to testify against him at all unless she was subpoenaed to appear before the grand jury; he urged the witness to tell authorities that she did not wish to pursue the prosecution against him; and he suggested that if the witness did decide to testify at the grand jury, she should answer

---

[5] Here is the relevant portion of the prosecutor's closing argument:

> He wrote a letter to [his girlfriend]. And in that letter, he tampered with a witness. He attempted to get [his girlfriend] to contact [the victim], and told him, in essence, don't testify. Don't listen to the DAs, don't listen to the courts. That's going to help me out in my case. And we're going to know what's going to happen if he does testify. Witness tampering.

[6] *Rantala v. State*, 216 P.3d 550, 555 (Alaska App. 2009) (emphasis in original). Alaska Statute 11.56.540 (tampering with a witness in the first degree) provides:
> (a) A person commits the crime of tampering with a witness in the first degree if the person knowingly induces or attempts to induce a witness to
> > (1) testify falsely, offer misleading testimony, or unlawfully withhold testimony in an official proceeding; or
> > (2) be absent from a judicial proceeding to which the witness has been summoned.

as simply and concisely as possible.[7]  We concluded that none of these acts were an attempt to induce the witness to *unlawfully* withhold testimony because each of the three acts suggested by the defendant — not testifying unless subpoenaed, asking prosecutors not to pursue the charges, and providing short (but truthful) answers — were lawful.[8]

The same is true here.  Under Alaska law, it is unlawful for a person to attempt to induce a witness to avoid process through use of a threat or bribe.[9]  But it is not unlawful if the person simply asks the witness to avoid process.  This is made clear by the legislative commentary to AS 11.56.540, which expressly declares that it is not

---

[7]  *Id.* at 555-58.

[8]  *Id.*; *see also Barber v. State*, 386 P.3d 1254, 1258, 1264-65 (Alaska App. 2016) (holding that the defendant did not commit the crime of witness tampering when he asked his friend not to tell the police that he had shot at a truck).

[9]  Alaska Statute 11.56.510 (interference with official proceedings) provides:
(a) A person commits the crime of interference with official proceedings if the person
    (1) uses force on anyone, damages the property of anyone, or threatens anyone with intent to
        (A) improperly influence a witness or otherwise influence the testimony of a witness;
        (B) influence a juror's vote, opinion, decision, or other action as a juror;
        (C) retaliate against a witness or juror because of participation by the witness or juror in an official proceeding; or
        (D) otherwise affect the outcome of an official proceeding; or
    (2) confers, offers to confer, or agrees to confer a benefit
        (A) upon a witness with intent to improperly influence that witness; or
        (B) upon a juror with intent to influence the juror's vote, opinion, decision, or other action as a juror or otherwise affect the outcome of an official proceeding.

a violation of the witness tampering statute for a person to attempt to induce a prospective witness to avoid process.[10] This commentary states:

> While AS 11.56.510 [*i.e.*, the "Interference with Official Proceedings" statute] makes it unlawful to use a bribe or threat to induce a witness to avoid legal process, AS 11.56.540 does not bar an attempt to achieve that objective by persuasion or argument. A defense attorney, for example, would not be prohibited from attempting by persuasion or pleading to induce a witness to avoid [service of] process by leaving the state.[11]

The parties' initial briefs did not address this legislative commentary. We requested supplemental briefing so that the parties could do so. In its brief, the State did not explain how its original theory of guilt — that asking a prospective witness to ignore phone calls from a prosecutor or a court violates AS 11.56.540 — was defensible given the commentary that asking a prospective witness to leave the state to avoid a subpoena does not violate the statute.

Instead, the State put forth a new theory of guilt that was never argued by the prosecutor at trial. The State now argues that Luke was guilty of witness tampering because of his additional statement: "I don't want to get maxed out for this, ya know? If he [the victim] does though everybody already knows what will happen at the end of the day." The State argues that these two additional sentences demonstrate Luke was doing more than asking the victim to ignore phones calls; rather, the State asserts that

---

[10] Commentary to Alaska's Revised Criminal Code, 1978 Senate Journal Supp. No. 47 (June 12), at 81-82. Similar commentary can be found in the Alaska Criminal Code Revision, Tentative Draft, Part IV, at 59-60 (1970).

[11] Commentary to Alaska's Revised Criminal Code, 1978 Senate Journal Supp. No. 47 (June 12), at 81-82.

Luke was making a threat that the victim would (in the words of the State) "suffer the consequences" if he testified against Luke in an official proceeding.

When we assess the sufficiency of the evidence to support a criminal conviction, we must view the evidence in the light most favorable to sustaining the jury's verdict.[12]  "But in fulfilling this obligation, we must confine ourselves to *reasonable* interpretations of the evidence."[13]

Viewing Luke's words as a whole, the reasonable interpretation is that Luke was telling his girlfriend that he would receive a serious sentence (*i.e.*, "get maxed out") if the victim decided to answer the prosecutor's and the court's phone calls and testify against Luke.  This interpretation is bolstered by the remainder of the letter, which concerned not threats against potential witnesses, but Luke's boredom in prison and his desire to get out and see his girlfriend.  It is unreasonable to interpret Luke's words (written to his girlfriend, not to the victim) as a threat to the victim that he would "suffer the consequences" if he testified against Luke in an official proceeding.  Indeed, the prosecutor never argued this interpretation of the letter to the jury.

We therefore REVERSE Luke's conviction for first-degree witness tampering.  We note that Luke also argues on appeal that his sentence is excessive.  We do not address this claim because Luke will need to be resentenced on remand.

---

[12]  *Rantala*, 216 P.3d at 562.

[13]  *Id.* (emphasis in original).